**UNITED STATES of America,**
**Appellee,**

v.

**Pedro ESPINOZA, Defendant–**
**Appellant.**

**Docket No. 05–0711–cr.**

United States Court of Appeals,
Second Circuit.

Argued: Nov. 7, 2007.

Decided: Jan. 11, 2008.

Mary Anne Wirth, Bleakley Platt & Schmidt, LLP, White Plains, NY, for Defendant–Appellant.

Susan Corkery, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Peter A. Norling, Assistant United States Attorney, of Counsel), United States Attorney's Office for the Eastern District of New York, New York, NY, for Appellee.

Before: CABRANES, SACK, KATZMANN, Circuit Judges.

PER CURIAM:

Defendant-appellant Pedro Espinoza appeals from a judgment of conviction entered by the United States District Court for the Eastern District of New York (Leonard D. Wexler, Judge) sentencing him principally to 360 months of incarceration. He appeals the sentence only. Following a jury trial, Espinoza was found guilty of conspiracy to distribute and to possess with intent to distribute five or more kilograms of cocaine, and distribution and possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A)(ii)(II). On appeal, Espinoza argues that the District Court failed to state in open court both that it was applying a four-level role enhancement to his sentence and its reasons for doing so. Second, and relatedly, he contends that he

suffered prejudice as a result of this failure because the only factual findings offered in support of this enhancement were set out in a Statement of Reasons form ("SOR")[1] that Espinoza did not receive until the Government filed its response brief on appeal—thereby denying him notice of the grounds on which his sentence was imposed. Espinoza also argues that the District Court District Court failed to consider, in the immediate aftermath of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") are advisory rather than mandatory.

## I.

During Espinoza's jury trial, the government presented evidence that Espinoza was a leader of the conspiracy that formed the subject of the trial.[2] After Espinoza was convicted but before he was sentenced, the United States Probation Office ("USPO") prepared a Presentence Investigation Report ("PSR") calculating Espinoza's total offense level at 42 based, in part, on the application of a four-level role enhancement pursuant to U.S.S.G. § 3B1.1 (a).[3] Espinoza's recommended range of imprisonment under the Sentencing Guidelines, based on a total offense level of 42 and criminal history category of I, was 360 months to life.

At Espinoza's sentencing hearing, his counsel asserted that the role enhancement was not applicable but offered no evidence in support of this position. Before imposing sentence, the District Court asked Espinoza if he wished to make any objections or additions to the PSR. Espinoza stated that he did not. The District Court, noting that the guidelines were advisory but that 360 months appeared to represent "sufficient punishment," then imposed a sentence including 360 months of incarceration. No further mention was made of the role enhancement. However, the preprinted SOR accompanying the order of the District Court indicated that the District Court had "adopt[ed] the Presentence Report and Guideline Applications without Change."

## II.

■ Espinoza did not raise his objections to the application of the role enhancement and the alleged lack of specific findings supporting the enhancement, or their statement in open court, before the District Court. On appeal, he contends that, because the District Court did not state at the sentencing hearing that it was indeed applying the role enhancement, his failure to object is excused. However, it was clear from the arguments and the sentencing range discussed at the sentencing hearing, the PSR's application of the role enhancement to calculate the particular range under discussion, and the District Court's imposition of a sentence within that same range that the District Court

---

1. The SOR, a blank copy of which is appended to this opinion, is a four-page section at the end of the Judgment in a Criminal Case form issued by the Administrative Office of the United States Courts for the recording of sentencing decisions. Pursuant to 18 U.S.C. § 3553(c), a copy of the SOR must be provided "to the Probation System and to the Sentencing Commission,[ ] and if the sentence includes a term of imprisonment, to the Bureau of Prisons."

2. The jury was not, however, asked to make a determination as to his role in the offense.

3. U.S.S.G. § 3B1.1 reads in relevant part:

Based on the defendant's role in the offense, increase the offense level ... [i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.

had applied the role enhancement in question. Thus, because Espinoza was on notice that the Court was applying the role enhancement, his failure to object cannot be excused. We therefore review his claim for "plain error." *See* Fed.R.Crim.P. 52(b);[4] *United States v. Carter,* 489 F.3d 528, 537 (2d Cir.2007).

 "Our precedents are uniform in requiring a district court to make specific factual findings to support a sentence enhancement under U.S.S.G. § 3B1.1." *United States v. Molina,* 356 F.3d 269, 275 (2d Cir.2004). A district court may satisfy this obligation by adopting the factual findings in the PSR, either at the sentencing hearing or in the written judgment. *Id.* at 275–76. However, in either event, the findings must be "adequate to support the sentence." *Carter,* 489 F.3d at 540. In this case, the District Court adopted the factual findings in the PSR without change in the SOR. Those factual findings include findings that Espinoza recruited another participant in the scheme; that he acted as a supervisor and coordinator; that he provided payments to others as part of the scheme; and that, because of his position of authority, he would have received a far greater amount of money than his co-conspirators. Because these findings are adequate to support the role enhancement, the Court satisfied its obligation to make specific findings.

Of course, while the adoption of the PSR in the written judgment satisfies a district court's obligation to make specific findings, it does not satisfy the additional requirement that the district court, "at the time of sentencing, ... state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); *see Molina,* 356 F.3d at 276–77. Here, the District Court failed to state its findings or explicitly adopt the PSR in open court. "[T]he failure of the ... [C]ourt to give its reasons for enhancing defendant's sentence in open court we think troublesome." *Molina,* 356 F.3d at 278. It should have done so irrespective of whether Espinoza lost the ability to challenge the District Court's error on appeal by failing to interpose a timely objection before that Court.

Establishing that a sentencing court failed to fulfil the "open court" requirement is not, however, tantamount to establishing plain error. As we have previously noted, "failure to satisfy the open court requirement of § 3553(c)... does not constitute 'plain error' if the district court relies on the PSR, and the factual findings in the PSR are adequate to support the sentence." *Carter,* 489 F.3d at 540 (citing *Molina,* 356 F.3d at 277–78). Here, because the District Court relied on the findings in the PSR, and those findings are adequate to support the sentence, Espinoza has not shown "plain error." Thus, we need not remand for resentencing.

██ Espinoza's argument that he suffered prejudice arising from his late receipt of the SOR[5] is unavailing for a simi-

---

4. "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R.Crim.P. 52(b).

5. The SOR form associated with Espinoza's case was not included in the District Court's public file and does not appear on the trial court docket. At oral argument, we requested letter briefs from the parties addressing the origins and practices of the procedures sur-

rounding the documentation of SOR forms in the Eastern District of New York. The Government, in its brief, provided a report by the Administrative Office of the United States Courts entitled "The Statement of Reasons for Use in Reporting Sentencing Decisions" ("the Report"). The Report states that the SOR was created in 1988 by the Criminal Law Committee of the Judicial Conference of the United States. It further states that, in 2000, the Judicial Conference, noting "the need to

lar reason. In the instant case, the SOR merely provides a written record that the District Court adopted the findings of the PSR without change. As the record indicates, Espinoza had the opportunity to review the PSR before his sentencing and was, at the sentencing hearing, put on notice of the District Court's reliance on PSR. Espinoza has therefore failed to establish the existence of any prejudice arising from his delayed receipt of the SOR.

## III.

■ Espinoza's second argument, that the District Court failed to consider the advisory nature of the Guidelines, is similarly without merit. The record shows that the District Court was well aware of the advisory nature of the Guidelines, recognized that it was not bound by the Guidelines, but determined, on the record before it, that 360 months was "sufficient punishment." Sentencing Tr. 11. Accordingly, we conclude that the sentence imposed on Espinoza was not procedurally unreasonable. *Cf. United States v. Fernandez*, 443 F.3d 19, 29–30 (2d Cir.2006) (noting that "specific verbal formulations" are not necessary "to demonstrate the adequate discharge of the duty to consider matters relevant to sentencing" and explaining that "[a]s long as the judge is aware of [the requirements] that are arguably applicable, and nothing in the record indicates misunderstanding about such [matters] or misperception about their relevance, we will accept that the requisite consideration has occurred") (quoting *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005) (internal quotation marks omitted)).

## CONCLUSION

We have considered all of petitioner's claims on appeal and find them to be without merit. Accordingly, we affirm the judgment of the District Court.

safeguard confidential information in the form"—including defendant's social security number, date of birth, residence address, age and race, *see* SOR at 4—sought to "place[ ] reasonable restrictions on public access to the form." As part of this effort, the Judicial Conference has "encouraged" courts "not to file the Statement of Reasons form in the public case file, or to keep these documents where they might mistakenly be disclosed to the public." However, the Report also notes that "[i]t is important that the judgment and Statement of Reasons forms be made available promptly to defense counsel, government attorneys, financial litigation units of the United States attorneys' office, probation and pretrial services offices, and if a term of imprisonment is imposed, the Federal Bureau of Prisons and the United States Marshals Service." At the top of the SOR form, there is a notation clearly indicating that the SOR is "Not for Public Disclosure."

We need not ourselves resolve the competing needs to safeguard confidential information, to enable the public to learn why a defendant received a particular sentence, and to make trial and judgment records available to defendants and their counsel. We conclude on this record that the practices of the Eastern District of New York-placement of the SOR in a separate file in the Clerk's Office, non-disclosure to the public, but availability to any counsel of record-did not prejudice Espinoza. Nonetheless, we find it cause for concern that defense counsel asserts that she had not heard of an SOR, Def. Ltr. Br. at 2 ("I had never heard of this document previously, and was not aware of any secure file in the Clerk's Office ... where any such document called an SOR was kept outside the public record"), and the government admits that it could not locate the document in the original prosecutor's case file, Gov't Ltr. Br. at 2. We urge the Eastern District of New York to ensure that the judgment and Statement of Reasons be made available promptly to defense counsel and government attorneys.