**UNITED STATES of America,**
**Appellee,**

v.

**Jesus RIVERA–CONTRERAS,**
**Defendant–Appellant.**

**No. 07–4590–cr.**

United States Court of Appeals,
Second Circuit.

Oct. 10, 2008.

Steven M. Statsinger, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Appellant.

Emily Berger and Melissa B. Marrus, Assistant United States Attorneys for Benton Campbell, United States Attorney for the Eastern District of New York, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant Jesus Rivera–Contreras, who pleaded guilty to one count of illegal reentry after deportation, *see* 8 U.S.C. § 1326(a), (b)(2), appeals his 57–month prison sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In the aftermath of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review sentences for "reasonableness," *id.* at 262, 125 S.Ct. 738, "a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is 'inside, just outside, or significantly outside the Guidelines range.'" *United States v. Jones*, 531 F.3d 163, 170 (2d Cir.2008) (quoting *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Our review proceeds in two steps: first we "ascertain whether the sentence was administered without procedural error," *United States v. Williams*, 524 F.3d 209, 214 (2d Cir.2008); and second, if the sentence is "procedurally sound," we must "consider [its] substantive reasonableness," *Gall v. United States*, 128 S.Ct. at

597, by evaluating "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) factors supported" the sentence imposed, *id.* at 600.

■ On this appeal, Rivera–Contreras argues that the district court committed procedural error in failing (1) to state its reasons for imposing the challenged sentence as required by 18 U.S.C. § 3553(c); (2) to consider the factors set forth in 18 U.S.C. § 3553(a); and (3) to note the advisory nature of the Sentencing Guidelines. Because Rivera–Contreras failed to raise these objections before the district court, we review his claims only for "plain error," Fed.R.Crim.P. 52(b); *see United States v. Villafuerte,* 502 F.3d 204, 208 (2d Cir. 2007), which we do not find in this case.

### 1. *18 U.S.C. § 3553(c)*

Although 18 U.S.C. § 3553(c) requires a district court to "state in open court the reasons for its imposition of the particular sentence," the statement need not be "lengthy ... particularly where the parties have not argued meaningfully against a Guidelines sentence under § 3553(a) or for a departure." *United States v. Villafuerte,* 502 F.3d at 210. In any event, failure to satisfy § 3553(c) "does not constitute plain error if the district court relies on the PSR, and the factual findings in the PSR are adequate to support the sentence." *United States v. Espinoza,* 514 F.3d 209, 212 (2d Cir.2008) (internal quotation marks omitted).

Here, as in *Espinoza,* Rivera–Contreras had the opportunity to review the PSR before his sentencing and was put on notice of the District Court's reliance on the PSR. The district court's statement—"So I will adopt the recommendation of 57 months...."—can, in context, only be understood to convey reliance on the facts and calculations in the PSR. Sentencing Tr. at 7. Rivera–Contreras did not challenge the facts or the Guidelines calcula-

tion set forth in the PSR before the district court and he does not argue on appeal that the facts in the PSR fail to provide § 3553(a) support for the challenged sentence. Further, Rivera–Contreras did not argue in the district court for a non-Guidelines sentence. Rather, he urged a sentence at the low end of the Guidelines. In this context, while the district court might well have said more to explain its sentence, we identify no plain § 3553(a) error in its implicit reliance on an unchallenged PSR. *See United States v. Villafuerte,* 502 F.3d at 209 (emphasizing that reversal for plain error should be used sparingly and only to avoid miscarriage of justice).

### 2. *18 U.S.C. § 3553(a) Factors; Advisory Guidelines*

■ Rivera–Contreras argues that the district court also committed procedural error in failing to consider the factors set forth in 18 U.S.C. § 3553(a) and to note specifically that the Guidelines were only advisory. Neither point merits lengthy discussion.

"[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors," *United States v. Legros,* 529 F.3d 470, 478 (2d Cir.2008) (internal quotation marks omitted), and considered the advisory nature of the Guidelines, *see United States v. Espinoza,* 514 F.3d at 213. "In other words, no 'robotic incantations' are required to prove the fact of consideration, and we will not conclude that a district judge shirked her obligation" simply because the judge did not individually consider each § 3553(a) factor, *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) (internal citations omitted); *see also United States v. Villafuerte,* 502 F.3d at 212 ("While the district court did not recite its thoughts on each of the § 3553(a) factors,

it is clear that we impose no such general requirement."), or expressly state that the Guidelines are advisory, *see United States v. Villafuerte*, 502 F.3d at 210. This presumption will end our inquiry where, as here, defendant advanced no § 3553(a) arguments for the district court to consider, the district court relied on an unchallenged PSR that identified facts relevant to § 3553(a) analysis, and the record demonstrates the district court's awareness of the advisory nature of the Guidelines.

In sum, because defendant has failed to demonstrate procedural error in sentencing, and does not contend that his sentence is substantively unreasonable, the judgment of conviction is AFFIRMED.