**UNITED STATES of America,**
**Appellee,**

**v.**

**Wendy BROWN, Joy Brown, Tarelle Jones, Curlene Reid, Timothy Jones, Gary Davis, Keisha Anderson, Taniesha Moore, Raymond Wainwright, Vere Joseph, Defendants**

**Paul Creary, Defendant–Appellant.**

**No. 06–2233–cr.**

United States Court of Appeals, Second Circuit.

Nov. 3, 2009.

Thomas F.X. Dunn, New York, NY, for Appellant.

Christopher LaVigne (Michael A. Levy, Lev L. Dassin on the brief), United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE, Circuit Judge and PAUL G. GARDEPHE,* District Judge.

### SUMMARY ORDER

Paul Creary appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Duffy, *J.*) following his guilty plea under 18 U.S.C. §§ 1028(a)(1), (a)(2), and (f). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant argues on appeal that the district court did not properly calculate the Sentencing Guidelines, did not justify its decision to not downwardly depart, and did not properly consider the 18 U.S.C. § 3553(a) factors.

This Court reviews a district court's sentencing decisions for procedural and substantive reasonableness. *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). When the defendant fails to object to a sentencing judgment before the district court, we review for plain error. *Id.*

at 207–08 ("[R]aising an objection to the failure to [consider the 18 U.S.C. § 3553 factors] in order to alert the district court to the problem is neither difficult nor onerous. This requirement alerts the district court to a potential problem at the trial level and facilitates its remediation at little cost to the parties, avoiding the unnecessary expenditure of judicial time and energy in appeal and remand.").

■ Appellant argues that the district court failed to calculate the guideline range. *See United States v. Cavera*, 550 F.3d 180, 190 (2d Cir.2008) (en banc). However, the district court did calculate the sentence range in its Written Judgment. It properly calculated that this range was from 37–46 months, while adopting the pre-sentence report without change.

A district court that imposes a sentence enhancement (as was done here) must make specific factual findings that sufficiently support the enhancement and must state in open court the reasons for its imposition of the particular sentence. *United States v. Espinoza*, 514 F.3d 209, 211–12 (2d Cir.2008). The district court explicitly adopted the pre-sentence report in its Written Judgment, which satisfied its obligation to make specific findings of fact. *See Id.* While it was error not to adopt the report in open court, it does not constitute a plain error so long as the district court actually relied on a pre-sentence report that provided adequate factual support for the sentence. *See Id.* Creary does not dispute that the pre-sentence report adequately supports the enhancements.

■ A district court has broad discretion to deny motions for downward depar-

---

\* Paul G. Gardephe, Judge of the United States District Court for the Southern District of

New York, sitting by designation.

ture. *United States v. Silleg,* 311 F.3d 557, 561 (2d Cir.2002). This decision is only reviewable if there is some reason on the record to believe that the district court mistakenly believed it was unable to reduce the sentence from the guidelines. *Id.* The defendant points to no record evidence that the judge mistakenly believed he could not depart from the guidelines, and we have no reason to believe there was any to find.

A sentencing judge must consider a set of factors laid out in 18 U.S.C. § 3553. But the absence of a reference to a § 3553 factor does not support an inference that it was not considered. *See United States v. Verkhoglyad,* 516 F.3d 122, 129 (2d Cir. 2008). Aside from Judge Duffy's silence on some (but not all) of the grounds raised for downward departure, the defendant points to nothing in the record that would indicate he failed to consider them.

Furthermore, Judge Duffy specifically referenced the defendant's letter to the court, which listed all of the factors the defendant argued should mitigate his sentence.

Finding no merit in Creary's arguments, we hereby **AFFIRM** the judgment of the district court.