08-6223-cr
United States v. Liggins

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of January, two thousand ten.

PRESENT:    PIERRE N. LEVAL,
            PETER W. HALL,
            DEBRA A. LIVINGSTON,
                        *Circuit Judges.*

_____

United States of America,

                        *Appellee*,

            v.                                          No. 08-6223-cr

Durrell Liggins, a/k/a/ Nature Boy, a/k/a/ CEO,

                        *Defendant-Appellant*.

_____

For Appellant:          LAURIE S. HERSHEY, Manhasset, New York.

For Appellee:           ANDREW T. BAXTER, United States Attorney, John M. Katko and
                        Elizabeth S. Riker, Assistant United States Attorneys, Northern
                        District of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), following the defendant's guilty plea. **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Durrell Liggins appeals from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*), following his guilty plea. The District Court sentenced Liggins principally to 180 months imprisonment. We assume the parties' familiarity with the factual and procedural history of the case, as well as the issues on appeal.

Liggins first challenges the district court's application of a four-level role enhancement to the calculation of his offense level under the United States Sentencing Guidelines. U.S.S.G. § 3B1.1(a) provides for a four-level enhancement if a defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). "Before imposing a role adjustment, the sentencing court must make specific findings as to why a particular subsection of § 3B1.1 adjustment applies." *United States v. Ware*, 577 F.3d 442, 451 (2d Cir. 2009); *see also United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008), *cert. denied*, --- U.S. ---, 128 S.Ct. 2458 (2008); *United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004); *United States v. Patasnik*, 89 F.3d 63, 68 (2d Cir. 1996) ("A court must . . . make two specific factual findings before it can properly enhance a defendant's offense level under § 3B1.1(a): (i) that the defendant was 'an organizer or leader,' and (ii) that the criminal activity either 'involved five or more participants' or 'was otherwise extensive.'"). Liggins does not dispute that the drug conspiracy for which he was found guilty involved five or more

2

participants. He argues only that the district court failed to make specific findings as to whether he was an "organizer or leader." We are not persuaded.

"[W]e review a district court's determination that a defendant deserves a leadership enhancement under § 3B1.1 *de novo*, but we review the court's findings of fact supporting its conclusion only for clear error." *United States v. Hertular*, 562 F.3d 433, 449 (2d Cir. 2009). We identify no such error in this case. The following facts support the court's finding that the four-step increase in offense level was warranted. In his plea agreement, Liggins admitted that he was an "upper level dealer who supplied other co-conspirator dealers and also sold directly to others." The following exchange occurred at Liggins's plea colloquy:

> THE COURT: So you admit to being one of the upper-level people in this conspiracy, in this drug operation, Mr. Liggins?
> LIGGINS: Yes, sir.
> THE COURT: You do?
> LIGGINS: Yes, sir.

In addition, the sentencing court explicitly adopted the factual statements in the presentence report ("PSR"), both at the time of sentencing and in its written judgment, *see* Sentencing Tr. at 4:2-6, thereby satisfying the requirements of § 3553(c). *See Molina*, 356 F.3d at 275-76. Though adoption of the PSR does not suffice if the PSR itself does not state enough facts to permit meaningful appellate review, *Ware*, 577 F.3d at 452, that is not the case here. Based upon results of an extensive investigation by the F.B.I. involving informants, cooperating witnesses, and wire intercepts of various members of the organization, the PSR establishes *inter alia* that Liggins had authority over individuals involved in the drug trafficking organization and recruited at least one other member, was a leader along with a co-defendant who ran the group, and used violence to threaten a subordinate who owed him money.

3

Liggins's second challenge to his sentence is an attack on its reasonableness under *United States v. Booker*, 543 U.S. 220, 261 (2005). He argues that the district court abused its discretion in sentencing him to 180 months imprisonment because the court based its sentence on two erroneous conclusions: (i) that Liggins and his co-defendant "belonged in the same category" for sentencing purposes; and (ii) that Liggins "had shown no remorse for his crimes."

Under *Booker*, 543 U.S. 220, we review sentences for reasonableness. *See also United States v. Williams*, 475 F.3d 468, 474 (2d Cir. 2007). We review the substantive reasonableness of a sentence under an abuse-of-discretion standard, and will "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Rigas*, 583 F.3d 108, 121-22 (2d Cir. 2009); *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted). In "conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id*. at 190 (citing *Rita v. United States*, 551 U.S. 334, 354 (2007)). The district court's factual findings are reviewed for clear error. *United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir. 2005).

Liggins's arguments are without merit. The court did not clearly err in finding that Liggins lacked remorse. Nor did the court err in finding that Liggins and his co-defendant "belonged in the same category." Considering these factors and the totality of the circumstances, we find that the sentence imposed was reasonable.

We have reviewed Liggins' remaining arguments and find them to be without merit.

4

**CONCLUSION**

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____