12-3286-cr
United States of America v. Loheit

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 15th day of October, two thousand thirteen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                         *Appellee*,

             -v-                                         12-3286-cr

TANISHA LOHEIT,

                  *Defendant-Appellant.*
_____

Appearing for Appellant:     Nicholas J. Pinto, New York, N.Y.

Appearing for Appellee:      Rajit Dosanjh, Assistant United States Attorney for the Northern
                             District of New York (Richard S. Hartunian, United States
                             Attorney for the Northern District of New York, Daniel Hanlon,
                             Assistant United States Attorney, *on the brief*) Syracuse, NY

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Tanisha Loheit appeals from the August 13, 2012 judgment of the United States District Court for the Northern District of New York (Scullin, *J.*) following her guilty plea to one count of escape from custody in violation of 18 U.S.C. § 751(a). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's sentencing decision for procedural and substantive reasonableness." *United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012). "A district court commits procedural error where it makes a mistake in its Guidelines calculation, does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* (internal quotation marks omitted). When reviewing for substantive reasonableness, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). "We will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (internal quotation marks and emphasis omitted). We review the sentence of the district court under a "deferential abuse-of-discretion standard." *Id.* (internal quotation marks omitted). However, when a defendant fails to object to procedural error before the district court, "rigorous plain error analysis is appropriate." *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007).

Loheit's primary argument is that the district court failed to address the mitigating circumstances she raised in her sentencing memorandum as a grounds for either a downward departure or for having the sentence run concurrent with the sentence imposed for her underlying crime. However, a district court's failure to discuss any possible mitigating factors on the record does not constitute procedural error. The district court stated it read and adopted the presentence report ("PSR"), and that it had read and considered the sentencing memoranda submitted by the parties, all of which addressed the mitigating factors. "[T]here is no requirement that the court mention the [18 U.S.C. § 3553(a) factors, much less explain how each factor affected the court's decision. In the absence of contrary indications, courts are generally presumed to know the laws that govern their decisions and to have followed them." *United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006).

Loheit also argues that the district court failed to recognize that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), it could impose a concurrent sentence, rather than a consecutive one, because the Guidelines are no longer mandatory. A decision not to downwardly depart is generally not reviewable unless "a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006) (internal quotation marks omitted). Here, nothing in the record suggests that the district court failed to understand its authority to depart from the Guidelines range—an argument raised by Loheit in her sentencing memorandum, which the district court considered. Moreover, the district court explicitly recognized at the time of Loheit's plea that the Guidelines were not binding on its sentencing recommendations."

Finally, Loheit argues that the district court failed to satisfy the requirement of 18 U.S.C. § 3553(c) that the district court "at the time of sentencing . . . state in open court the reasons for its imposition of the particular sentence." It is true that the district court did not put any reasons for its sentence on the record, or make any reference to the Section 3553 sentencing factors.

"[T]he failure of the . . . [c]ourt to give its reasons for enhancing defendant's sentence in open court we think troublesome." *United States v. Molina*, 356 F.3d 269, 278 (2d Cir. 2004).  A fuller record would have eased this Court's review, and perhaps have satisfied Loheit's concerns in the first instance.  Nevertheless:

> Establishing that a sentencing court failed to fulfill the "open court" requirement is not, however, tantamount to establishing plain error. . . . [f]ailure to satisfy the open court requirement of § 3553(c) does not constitute "plain error" if the district court relies on the PSR, and the factual findings in the PSR are adequate to support the sentence.

*United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008) (internal citations and quotations omitted).  As in *Espinoza*, the district court here stated on the record that it relied on the findings of the PSR, and the findings in the PSR are sufficient to support the sentence, so there can be no finding of plain error.  *See id.* at 213.

As to Loheit's substantive objection to the sentence as unreasonable, that claim is without merit.  Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk