18-1928-cr
*United States v. Feaster*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of December, two thousand twenty.

PRESENT: BARRINGTON D. PARKER,
DENNY CHIN,
*Circuit Judges*,
TIMOTHY C. STANCEU,
*Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
*Appellee*,

-v-                                                                              18-1928-cr

EMMANUEL FEASTER,
*Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

FOR APPELLEE:                                    SEAN C. ELDRIDGE, Assistant United
                                                 States Attorney, *for* James P. Kennedy,
                                                 Jr., United States Attorney for the
                                                 Western District of New York,
                                                 Rochester, New York.


FOR DEFENDANT-APPELLANT:                          ANDREW LEVCHUK, Andrew
                                                 Levchuk, Counsellor at Law, LLC,
                                                 Amherst, Massachusetts.


Appeal from the United States District Court for the Western District of New York (Geraci, *Ch. J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Emmanuel Feaster appeals from a final judgment entered June 26, 2018 convicting him, following a jury trial, of possession of a firearm and ammunition following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He was sentenced principally to 60 months' imprisonment.  On appeal, Feaster argues that (i) the district court erred in instructing the jury on § 922(g)(1) and (ii) his sentence was both procedurally and substantively unreasonable.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Just after midnight on September 27, 2015, Feaster was pulled over by a Rochester police officer after he was observed driving an all-terrain vehicle ("ATV") --

without a license plate and headlights off -- against traffic. When the police officer asked Feaster for his driver's license, Feaster ran off, but he tripped over a curb and fell. After Feaster attempted to get up, the pursuing officer pushed him to the ground. A struggle ensued, and the officer observed Feaster reach for his waistband and throw an object. The officer then heard what sounded like metal hitting the pavement. After Feaster was arrested, a specialist on the police force recovered a loaded handgun from the area where the officer heard metal hit the pavement. Feaster, who was 19 years old and had at least one prior felony conviction, was indicted for possession of a firearm and ammunition after a felony conviction.

Feaster represented himself at trial, with the assistance of standby counsel. He stipulated that prior to the events in question, he was convicted "of a crime punishable by imprisonment for a term exceeding one year." App'x at 129. He also admitted that he understood that his prior conviction, which resulted in a sentence of two years in state prison, was a felony. When the district court instructed the jury, it did not explain that the jury, to return a guilty verdict, had to find that Feaster knew he possessed a firearm and also knew at the time of his possession that he had been convicted of a felony punishable by a year or more of incarceration. At the time, the Supreme Court had not yet decided *United States v. Rehaif*, in which it held that "the word 'knowingly' [in § 922(g)] applies both to the defendant's conduct and to the defendant's status." 139 S. Ct. 2191, 2194 (2019). Under *Rehaif*, "[t]o convict a defendant,

the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id*. The jury returned a guilty verdict.

At sentencing, the district court explained how it arrived at Feaster's offense level, reviewed Feaster's criminal history and characteristics, and explained that it was required to "consider a number of factors, including the seriousness of [Feaster's] offense." App'x at 201. The court adopted the Findings of Fact and Guidelines calculation set forth in the presentence investigation report (the "PSR") with one minor correction that is not relevant to this appeal. The district court sentenced Feaster principally to 60 months' imprisonment, which it acknowledged was an upward variance from the Guidelines range of 27-33 months' imprisonment. The court explained that it imposed an above-Guidelines sentence "based upon the defendant's history and based upon the seriousness of his conduct in this case as well as in the previous case." App'x at 202. It also noted its sentence was intended to deter Feaster's conduct and the conduct of others. This appeal followed.

1. *Jury Instructions*

Because Feaster did not object to the jury instructions at trial, we review his challenge for plain error. *United States v. Prado*, 815 F.3d 93, 100 (2d Cir. 2016). Under plain error review, we will reverse only if "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the

appellant's substantial rights . . . ; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* The government concedes that Feaster has satisfied the first two prongs of the plain error standard, but it argues that Feaster's claim fails on the third and fourth prongs.

In *United States v. Miller*, which involved a *Rehaif* claim on similar facts as those presented here, this Court affirmed the lower court's conviction and sentence under the fourth prong of plain error review. 954 F.3d 551, 559-60 (2d Cir. 2020). We reasoned that because the defendant would have likely sought to exclude -- and been successful in excluding -- the details pertaining to his prior offense as an "unnecessary and prejudicial embellishment" on his stipulation to his § 922(g) qualifying status, we would not penalize the government for failing to introduce evidence that, "prior to *Rehaif*, it would have been precluded from introducing." *Id.* We also considered that the defendant's PSR showed that the defendant's prior conviction resulted in a term of imprisonment greater than one year, thereby removing any doubt that the defendant was aware of his § 922(g) qualifying status. *Id.* Here, the same is true, as Feaster concedes. *See* Appellant's Reply Br. at 2. Feaster's PSR indicates that he pled guilty to a felony -- attempted criminal possession of a weapon -- and that he was sentenced to two years' imprisonment. Moreover, he stipulated that he was convicted "of a crime punishable by imprisonment for a term exceeding one year." App'x at 129. Additionally, if the government had attempted to introduce evidence about his prior

felony conviction, Feaster likely would have sought to exclude such evidence and been successful in doing so. Accordingly, the district court's erroneous jury instruction did not rise to the level of reversible plain error because it did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings," *Prado*, 815 F.3d at 100, and we affirm his conviction.

### 2. *Sentence*

Generally, "[t]his court reviews the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Richardson*, 958 F.3d 151, 153 (2d Cir. 2020) (internal quotation marks and brackets omitted). Where, as here, a defendant did not object to his sentence below, we review for plain error. *United States v. Erskine*, 717 F.3d 131, 135 (2d Cir. 2013).

In reviewing the procedural reasonableness of a sentence, this Court considers whether the district court committed a "significant procedural error." *United States v. Rosa*, 957 F.3d 113, 117 (2d Cir. 2020) (internal quotation marks omitted). A district court commits procedural error where it "fails to calculate the Guidelines range," "makes a mistake in its Guidelines calculation," "treats the Guidelines as mandatory," or "does not consider the [18 U.S.C.] § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). "A sentence is substantively unreasonable if it is manifestly unjust or shocks the conscience." *Richardson*, 958 F.3d at 153-54 (internal quotation marks and brackets

-6-

omitted). When a district court imposes a sentence outside of the recommended Guidelines range, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Cavera*, 550 F.3d at 189. "[A] district court's decision to vary from the Guidelines may attract greatest respect when the sentencing judge finds a particular case outside the heartland to which the Commission intends individual Guidelines to apply." *Id*. at 192 (internal quotation marks omitted). "Where, instead, the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case, . . . [a] closer review may be in order." *Id*. (internal quotation marks omitted).

Feaster's sentence was procedurally reasonable. The district court properly calculated Feaster's Guidelines range and considered the § 3553(a) sentencing factors, including defendant's characteristics, the seriousness of his crime, and the need to deter such conduct. *See Rosa*, 957 F.3d at 119 (noting that "[w]e have declined to insist that the district court . . . discuss every § 3553(a) factor individually" (internal quotation marks omitted)). Moreover, "[a] district court may satisfy [its] obligation" to make factual findings supporting a sentence enhancement "by adopting the factual findings in the PSR, either at the sentencing hearing or in the written judgment." *United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008). Shortly after the district court imposed an upward variance, it explicitly adopted the findings in the PSR, which outlined, *inter alia*,

the defendant's past conduct. Accordingly, Feaster's sentence was procedurally reasonable.

Feaster's sentence was also substantively reasonable. It does not "shock the conscience," *Richardson*, 958 F.3d at 155, that Feaster's conduct -- namely, driving recklessly, resisting arrest, and carrying and throwing a loaded handgun -- would be punishable by 60 months' imprisonment, in light of his criminal history. Importantly, the district court explained on the record why it decided to give an above-Guidelines sentence: It was concerned about Feaster's past criminal conduct and the seriousness of the offense. The district court noted that the instant conviction was Feaster's second serious illegal firearm conviction, his criminal history category was a level IV, and he committed this offense while on parole for a prior offense. Further, the district court noted the dangers posed by Feaster's behavior; by removing the loaded weapon from his waistband and throwing it away, Feaster could have seriously injured himself or the law enforcement officer. The district court explicitly stated that it needed to deter such future conduct. These justifications were "sufficiently compelling to support the degree of the variance," *Cavera*, 550 F.3d at 189, and Feaster's challenge cannot overcome plain error review. Accordingly, we affirm the district's court's judgment.

* * *

We have considered Feaster's remaining arguments and conclude they are without merit. For the foregoing reasons, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk