09-1283-cr
United States v. Mercado

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of March, two thousand ten.

Present:
    RALPH K. WINTER,
    ROBERT A. KATZMANN,
        *Circuit Judges*,
    JED S. RAKOFF,
        *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

    *Appellee*,

        v.                                                  No. 09-1283-cr

DAMION TOWNSEND, also known as Poochie, DARRYL WINFREE, also known as Fatboy,

    *Defendants*,

ISAIAH MERCADO, also known as Spanky,

    *Defendant-Appellant*.

_____

_____

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

For Defendant-Appellant Isaiah Mercado:

GAIL JACOBS, Great Neck, NY

For Appellee:

GLEN A. KOPP, Assistant United States Attorney (Michael D. Maimin, Assistant United States Attorney, *of counsel*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court entered March 24, 2009, is **AFFIRMED**.

Defendant-Appellant Isaiah Mercado appeals from a judgment of the United States District Court for the Southern District of New York (Keenan, *J.*), entered March 24, 2009, revoking his term of supervised release and sentencing him to 12 months' imprisonment. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Mercado first argues that the district court erred in denying his motion to suppress the evidence on which the government relied to establish that he had violated the terms of his supervised release. At a suppression hearing, the government bears the burden of showing, by a preponderance of the evidence, that the evidence was lawfully obtained. *See, e.g.*, *United States v. Heath*, 455 F.3d 52, 69 (2d Cir. 2006). We review the district court's findings of fact for clear error and its legal conclusions *de novo*. *See, e.g.*, *United States v. Peterson*, 100 F.3d 7, 11 (2d Cir. 1996).

Mercado's supervised release was subject to the condition that

2

> [t]he defendant shall submit his person, residence . . . or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or other evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner.

Supp. App. 95. He argues that the quantum of evidence necessary to ground the "reasonable belief" required to search his residence is at least equal to the quantum of evidence necessary to ground a "reasonable suspicion" for the purposes of a stop and frisk under *Terry v. Ohio*, 392 U.S. 1 (1968). He further asserts that the information provided to his probation officer by the Bronx District Attorney's office was not sufficient to establish a "reasonable belief" because it ultimately came from a confidential informant, and there was insufficient corroborating information or knowledge of the veracity of the informant to deem it reliable.

We have previously explained that the federal system of supervised release "presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements." *Unites States v. Reyes*, 283 F.3d 446, 461 (2d Cir. 2002) (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 873-74 (1987)). In *Reyes*, we held that because of the strong government interest in ensuring that a releasee complies with the terms of his supervised release, "the probable cause requirements of the Fourth Amendment, which apply to a regular law enforcement officer executing a search warrant for an individual's home, simply do not apply to visits by probation officers to the homes of convicted persons serving a term of supervised release." *Id.* at 462. We did not address the requirements for conducting a search (as opposed to a visit) of a releasee's home pursuant to a condition of his supervised release. However, the Supreme Court's holding in *Griffin* establishes that, where "special needs" such as those presented by the supervised release system exist, it is "reasonable to permit information

3

provided by a police officer, *whether or not on the basis of firsthand knowledge*, to support a . . . search." 483 U.S. at 879-80 (emphasis added and footnote omitted). Indeed, the circumstances of *Griffin* are similar to those presented here: there, a probation officer received information from the police department that "there were or might be guns in [the probationer's] apartment." *Id.* at 871. A search of the probationer's home was conducted on the basis of this unadorned information, and contraband was found. *Id.*

We need not, at this juncture, specify whether the "reasonable belief" standard imposed by the search condition of Mercado's supervised release is equivalent to the "reasonable grounds" condition at issue in *Griffin*, *id.*, because the information received by Mercado's parole officer was more detailed and specific than the information received by the parole officer there. In this case, both the Bronx District Attorney's office and the New York Police Department confirmed that Mercado was a person of interest in an ongoing investigation of an unsolved robbery and homicide. A Bronx Assistant District Attorney provided Mercado's parole officer with details about the crime that she had learned from a confidential witness, including that the perpetrators "waited in bushes outside the house of [a] drug dealer, and when the drug dealer came home, the other individual, not Mr. Mercado, shot the victim twice, killing him, and two duffel bags of marijuana were stolen at that time." Supp. App. 24. Even assuming, for the sake of argument, that a "reasonable belief" standard is close to the "reasonable suspicion" standard that applies in the *Terry* context, this case is a far cry from the anonymous phone call to the police that the Supreme Court found inadequate to establish a "reasonable suspicion" in *Florida v. J.L.*, 529 U.S. 266, 268 (2000). Mercado's probation officer received specific information from law enforcement officials working on an ongoing investigation that suggested contraband

4

might be found in Mercado's home. The search did not violate Mercado's Fourth Amendment rights, and his suppression motion was properly denied.

Mercado next argues that the evidence did not support the district court's finding that he had violated the terms of his supervised release by possessing ammunition because he shared his bedroom, where the contraband was found, with his brother. "[T]he decision to revoke probation will only be overturned if the district court abused its discretion." *United States v. Barth*, 899 F.2d 199, 202 (2d Cir. 1990). We review the court's factual findings for clear error. *See United States v. Thomas*, 239 F.3d 163, 168 (2d Cir. 2001). At a revocation hearing, the government must prove the violation or violations by a preponderance of the evidence. 18 U.S.C. 3583(e)(3). The bag containing the ammunition was found under a bed that Mercado's mother identified as his; on a crate next to the bed were pay stubs and rental car receipts bearing his name. In light of these facts, the district court's finding that it was more likely than not that the ammunition belonged to Mercado was not clearly erroneous.

Finally, Mercado argues that the district court erred in imposing sentence because 1) it failed to articulate its reasons for the sentence imposed, and 2) the sentence was excessive in length. In general, "[t]he standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). Because Mercado raised no objection on the ground of either procedural or substantive unreasonableness at the time of sentencing, however, we review for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008) (per curiam).

Under 18 U.S.C. § 3553(c), a sentencing court "at the time of sentencing, shall state in

5

open court the reasons for its imposition of the particular sentence," and in general, a district court commits procedural error "if it fails adequately to explain its chosen sentence," *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Here, the district court, in imposing a one-year term of imprisonment, did not explain its reasons for doing so except to note that this was the term recommended by the Probation Office. However, as we explained in *Espinoza*,

> [e]stablishing that a sentencing court failed to fulfil the "open court" requirement is not, however, tantamount to establishing plain error. . . . [F]ailure to satisfy the open court requirement of § 3553(c) . . . does not constitute "plain error" if the district court relies on the PSR, and the factual findings in the PSR are adequate to support the sentence.

514 F.3d at 212 (internal quotation marks omitted). By the same token, in the context of a sentencing for a violation of supervised release, the district court's reliance on the recommendation of the Probation Office amounts to an adequate explanation of the reasons for the sentence imposed, at least for the purposes of plain error review.

Finally, we are not persuaded by Mercado's claim that the district court's sentence was substantively unreasonable. "We will . . . set aside a district court's substantive determination only in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (emphasis and internal quotation marks omitted). Here, Mercado possessed ammunition, a small quantity of drugs, and drug paraphernalia within a year of being released from prison following his conviction on a felon-in-possession charge. Although Mercado was otherwise compliant with the terms of his supervised release, under the circumstances, a one-year sentence was not unreasonable. Moreover, the Guidelines revocation range was 18-24 months. "Although we do not presume that a Guidelines

6

sentence is reasonable, we have recognized that 'in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.'" *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006)). The fact that the term of imprisonment imposed was less than the Guidelines' suggested sentence reinforces our conclusion that the district court did not commit plain error.

We have considered Mercado's other arguments and find them without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK