15-3232-cr
*United States of America v. Thomas Simmons, III*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand sixteen.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge*.[*]

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee*,

v.                                                                          15-3232

THOMAS SIMMONS, III,

> *Defendant-Appellant*.

---

For Plaintiff-Appellee:                  Steven D. Clymer & Michael F. Perry, Assistant United States Attorneys of Counsel, Syracuse, New York

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant:          Melissa A. Tuohey, Federal Public Defender, Syracuse, New York

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Thomas Simmons, III, appeals from a judgment of the United States District Court for the Northern District of New York, entered on October 6, 2015, revoking his term of supervised release and sentencing him to 24 months' imprisonment followed by a six-year term of supervised release. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

## I.    Discussion

Simmons first argues that the district court erred in imposing his sentence because the court failed to articulate its reasons for the sentence imposed. Because Simmons raised no objection on procedural grounds at the time of sentencing, this Court reviews for "plain error." *United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008) (per curiam).

Under 18 U.S.C. § 3553(c), a sentencing court "at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence" and, in general, a district court commits procedural error "if it fails adequately to explain its chosen sentence," *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). When sentencing a defendant for a violation of supervised release, the court must consider a subset of the factors listed in 18 U.S.C. § 3553(a), including the "characteristics of the defendant" and the "nature and circumstances of the offense." *See* 18 U.S.C. §§ 3583(e), 3553(a). The district court did not explain its reasons for Simmons's sentence except to note that the sentencing range pursuant to the United States Sentencing Guidelines for the types of violations Simmons committed was 21 to 27 months. However, failure to state reasons for a sentence for a violation of supervised

2

release is not plain error if the district court relies on the well-supported recommendation of the Probation Office. *Cf. Espinoza*, 514 F.3d at 212 (holding that failing to state reasons in open court for a sentence is not "plain error" if the district court relies on an adequately supported PSR); *see also United States v. Townsend*, 371 F. App'x 122, 126 (2d Cir. 2010) (summary order). Here, the court relied on (1) its finding, after an extensive evidentiary hearing, that Simmons committed two Grade B violations and one Grade C violation, and (2) a "Violation Worksheet" from the Probation Office setting out the Guidelines calculation that resulted in a Guidelines range of 21 to 27 months. Thus, it did not commit plain error.

Next, Simmons argues that his sentence was excessive in length.[1] In general, "[t]he standard of review on the appeal of a sentence for violation of supervised release is [the same] as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). We will set aside sentences "only in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). Here, only six months after Simmons's release, he traveled to Massachusetts (in violation of his supervised release conditions) and committed credit card fraud on two separate occasions. When police tried to apprehend him, he initially lied about his involvement and fled. Although Simmons complied with some other terms of his supervised release, a 24-month sentence was not unreasonable. Moreover, the advisory Guidelines range for his offenses was 21 to 27 months. Though "we do not presume that a Guidelines sentence is reasonable, we have recognized that

---

[1] Simmons also failed to raise this objection in the district court. This Court "ha[s] not decided whether plain error [or abuse of discretion] review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014). Regardless, Simmons's claim fails under either standard.

'in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.'" *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (quoting *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir. 2006)). "[T]he Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007). The 24-month term imposed for Simmons's violations sits within the advisory Guidelines range, reinforcing our conclusion that the district court did not abuse its discretion in imposing this sentence.

## II.      Conclusion

We have considered Simmons's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk