09-1881-cr
United States v. Carranza-Salcedo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of May, two thousand ten.

PRESENT:  JON O. NEWMAN,
          REENA RAGGI,
          PETER W. HALL,
                    *Circuit Judges*.

-------------------------------------------------------------------------------

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                        No. 09-1881-cr

JULIO CARRANZA-SALCEDO, also known as Carlos Arreaga, also known as Jose Santos Hernandez-Munoz, also known as Nelson Ortiz,

                    *Defendant-Appellant*.

-------------------------------------------------------------------------------

FOR APPELLANT:          Laurie S. Hershey, Manhasset, New York.

FOR APPELLEE:           Harris Michael Fischman, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 23, 2009, is AFFIRMED.

Defendant Julio Carranza-Salcedo, who pleaded guilty to one count of illegal reentry after deportation, see 8 U.S.C. § 1326(a), (b)(2), appeals from a judgment sentencing him principally to 57 months' imprisonment. We review a sentence for reasonableness, see United States v. Booker, 543 U.S. 220, 261-62 (2005), a standard akin to review for abuse of discretion, see United States v. Cavera, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). "Reasonableness review involves consideration of both the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)." United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007). In undertaking this review, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Procedural Reasonableness

Carranza-Salcedo submits that his sentence is procedurally unreasonable because, at the sentencing hearing, the district court did not (a) recite either that the Sentencing Guidelines are advisory or that it had considered the 18 U.S.C. § 3553(a) factors, (b) address defense counsel's argument regarding fast-track districts, or (c) explain its sentence in open court. We identify no merit in these arguments.

In the absence of record evidence suggesting otherwise, we presume that a sentencing judge understood his sentencing discretion under Booker and faithfully discharged his duty to consider the § 3553(a) factors.  See United States v. Legros, 529 F.3d 470, 478 (2d Cir. 2008); see also United States v. Keller, 539 F.3d 97, 101 (2d Cir. 2008) (disavowing "formulaic requirements" or "robotic incantations" to discharge § 3553(a) duty); United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005) (same).  The record in this case provides no reason to question this presumption.

Nor did the district court err by not specifically responding to counsel's fast-track argument.[1]  In United States v. Mejia, 461 F.3d 158, 164 (2d Cir. 2006), we rejected a reasonableness challenge to a district court's refusal to mitigate a sentence to compensate for the absence of a fast-track program.  Like Mejia, Carranza-Salcedo sought the benefit of a reduced sentence without suffering the detriments associated with fast-track treatment.  See id. at 162-63.  In light of this precedent, Carranza-Salcedo cannot demonstrate that the summary rejection of his fast-track argument was unreasonable.  Carranza-Salcedo urges us to revisit the fast-track issue in light of Kimbrough v. United States, 552 U.S. 85 (2007).  We

---

[1] The United States Attorneys in several districts "where the number of illegal re-entry cases was overwhelming the capacity to prosecute violators" have instituted fast-track programs, whereby the United States Attorney recommends a 24-month sentence in return for the defendant's waiver of various rights, including indictment by grand jury, jury trial, presentation of a pre-sentence report, and appellate review.  United States v. Mejia, 461 F.3d 158, 160 (2d Cir. 2006).

3

decline to do so because we have already reaffirmed our <u>Mejia</u> decision after <u>Kimbrough</u>. <u>See</u> <u>United States v. Hendry</u>, 522 F.3d 239, 241-42 (2d Cir. 2008).

Finally, by explicitly adopting the pre-sentence report ("PSR") at the sentencing hearing, the district court satisfied its obligation to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c); <u>see</u> <u>United States v. Molina</u>, 356 F.3d 269, 277 (2d Cir. 2004) ("[T]he 'open court' requirement may be satisfied by the district court adopting the PSR in open court."); <u>cf.</u> <u>United States v. Espinoza</u>, 514 F.3d 209, 212 (2d Cir. 2008) (noting that district court did not satisfy "open court" requirement when it "failed to state its findings or explicitly adopt the PSR in open court"). Carranza-Salcedo argues that adoption of the PSR was insufficient to explain his sentence because the district court did not specifically address each of his arguments. Our precedent is to the contrary. <u>See</u> <u>United States v. Villafuerte</u>, 502 F.3d 204, 210 (2d Cir. 2007) ("[W]e do not insist that the district court address every argument the defendant has made . . . ."); <u>see also</u> <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007) ("Sometimes a judicial opinion responds to every argument; sometimes it does not . . . . The law leaves much, in this respect, to the judge's own professional judgment.").

Accordingly, we identify no procedural unreasonableness in the challenged sentence.

2.    <u>Substantive Reasonableness</u>

Carranza-Salcedo asserts that his sentence is substantively unreasonable because (a) two of his four prior criminal convictions occurred when he was 20 years old; (b) he

experienced "tragic circumstances," including childhood poverty; (c) his mother and children need his assistance; and (d) letters submitted to the district court attest to his good character. Appellant's Br. at 14. "A sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." United States v. Cavera, 550 F.3d at 188. "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006); see also Rita v. United States, 551 U.S. at 347 (noting that Guidelines sentence "significantly increases the likelihood that the sentence is a reasonable one"); United States v. Cavera, 550 F.3d at 189 (holding that this court will "set aside a district court's substantive determination only in exceptional cases" (emphasis in original)). Here, the district court sentenced Carranza-Salcedo to 57 months' imprisonment, the bottom of the appropriate Guidelines range. Given Carranza-Salcedo's past convictions and history of recidivism, including two deportations followed by illegal reentry, we conclude that the district court acted well within its discretion in imposing this sentence. See United States v. Cavera, 550 F.3d at 189.

We have considered Carranza-Salcedo's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5