13-4519-cr
United States v. Vrancea

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of July, two thousand fifteen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                     *Appellee*,

            v.                                          13-4519

ION CATALIN VRANCEA,
aka Raul Caba, aka Iulian Ichim,
aka Imre Makara,

                     *Defendant-Appellant*.

---

Appearing for Appellant:     B. Alan Seidler, New York, NY.

Appearing for Appellee:     Kenji Price, Assistant United States Attorney, (Amy Busa, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED** in part, and **REMANDED** for further proceedings consistent with this order.

Ion Catalin Vrancea appeals from the judgment of conviction and sentence entered on November 26, 2013, in the United States District Court for the Eastern District of New York (Kuntz, *J.*), after a jury found him guilty of (1) obstruction of justice, in violation of 18 U.S.C. § 1512(c)(1); (2) destruction of evidence, in violation of 18 U.S.C. § 1519; (3) use of fire to commit a felony, in violation of 18 U.S.C. § 844(h)(1); (4) damaging interstate property by means of fire, in violation of 18 U.S.C. § 844(i); and (5) using a false passport, in violation of 18 U.S.C. § 1543. The district court sentenced Vrancea principally to 360 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Vrancea requests that we reverse his conviction on the basis of several alleged procedural errors, none of which warrant such a remedy. He first asserts that the district court erred by granting the government's motion in limine to impeach him with an Italian conviction that was obtained in absentia. It is well established that "a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." *Ohler v. United States*, 529 U.S. 753, 755 (2000). This principle applies even when a criminal defendant, who has lost a motion in limine, preemptively introduces a prior conviction to remove the "sting." *See id.* at 757–58. Because Vrancea first introduced the Italian conviction during his own direct examination, he waived the right to challenge its admissibility.

Vrancea next contends that the district court erred by failing to instruct the jury to begin its deliberations anew, as required by Federal Rule of Criminal Procedure 24(c)(3), when it replaced a deliberating juror with an alternate. Vrancea did not object to the omission when the district court initially empaneled the alternate juror, and after the government belatedly alerted the district court to its error, Vrancea requested no remedy other than the curative instructions that the district court in turn gave.

Because Vrancea did not raise a timely objection, we review this claim for plain error. *See United States v. Sogomonian*, 247 F.3d 348, 352 (2d Cir. 2001). Under this standard, we may not grant relief unless there is an "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "If all three conditions are met," we have discretion to grant relief "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467 (internal quotation marks and alterations omitted). Given the absence of any indication that the district court's initial mistake affected Vrancea's substantial rights, we will not overturn Vrancea's conviction merely upon a showing of "the district court's failure to adhere to the letter of Federal Rule of Criminal Procedure 24(c)." *Sogomonian*, 247 F.3d at 353.

Vrancea also argues, for the first time on appeal, that the reasonable doubt instruction was erroneous because it lessened the government's burden of proof. Ordinarily, "[w]e review

*de novo* the propriety of jury instructions." *United States v. Naiman*, 211 F.3d 40, 50 (2d Cir. 2000). "'A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law.'" *Id.* at 51 (quoting *United States v. Walsh*, 194 F.3d 37, 52 (2d Cir. 1999)). Where, as here, the defendant did not raise a timely objection, we review the instruction only for plain error. *United States v. Middlemiss*, 217 F.3d 112, 121 (2d Cir. 2000).

The challenged instruction provides no basis for reversal. The trial court "has discretion to determine what language to use in instructing the jury as long as it adequately states the law." *United States v. Alkins*, 925 F.2d 541, 550 (2d Cir. 1991). While Vrancea criticizes the district court's invocation of the "hesitate to act" formulation of the reasonable doubt standard, both the Supreme Court and this Court have expressly approved instructions defining reasonable doubt in this manner. *See Victor v. Nebraska*, 511 U.S. 1, 20–21 (1994); *Holland v. United States*, 348 U.S. 121, 140 (1954); *Perez v. Irwin*, 963 F.2d 499, 502 (2d Cir. 1992). Accordingly, the reasonable doubt instruction was not plainly erroneous.

Finally, Vrancea challenges the reasonableness of his sentence of 360 months' imprisonment, which is twice the advisory Guidelines range that was calculated in his presentence report ("PSR"). We review criminal sentences for reasonableness, which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008). "Reasonableness review requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (internal quotation marks omitted). A district court commits procedural error where "it fails to calculate (or improperly calculates) the Sentencing Guidelines range, . . . fails to consider the § 3553(a) factors, . . . or fails adequately to explain the chosen sentence." *Id.* (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

At sentencing, the district court did not (1) calculate or mention the effective advisory Guidelines range; (2) discuss any of the Section 3553(a) factors; or (3) acknowledge that it was imposing a non-Guidelines sentence or indicate its basis for doing so. Nor did the district court indirectly satisfy any of these obligations by expressly adopting the PSR in open court. *Cf. United States v. Carter*, 489 F.3d 528, 539 (2d Cir. 2007). Rather, without explanation, the district court stated that it would impose a sentence of "360 months, which is the maximum." Because Vrancea did not timely object to the district court's failure to adequately explain its reasoning, however, we review only for plain error. *See United States v. Cassesse*, 685 F.3d 186, 188 (2d Cir. 2012); *United States v. Espinoza*, 514 F.3d 209, 212 (2d Cir. 2008).

Under 18 U.S.C. § 3553(c), a sentencing court is statutorily required "at the time of sentencing" to "state in open court the reasons for its imposition of the particular sentence." *See United States v. Lewis*, 424 F.3d 239, 244–45 (2d Cir. 2005). In addition, where a district court imposes a sentence above or below the Guidelines range, a "higher descriptive obligation" is triggered, *Cassesse*, 685 F.3d at 193, requiring "the judge [to] state 'the specific reason for the imposition of a sentence different' from that prescribed by the Guideline range," both "'in open court'" at the time of sentencing, and "'with specificity in the written order of judgment and commitment,'" *United States v. Jones*, 460 F.3d 191, 196 (2d Cir. 2006) (quoting 18 U.S.C. § 3553(c)). "Because we conclude that the district court did not comply with the general

provisions of § 3553(c) . . . let alone the specific requirements of § 3553(c)(2) regarding departures from recommended sentencing ranges," *Lewis*, 424 F.3d at 246, we conclude that the court committed a procedural error.

"Establishing that a sentencing court failed to fulfil the 'open court' requirement is not, however, tantamount to establishing plain error." *Espinoza*, 514 F.3d at 212. Rather, "[i]n conducting plain-error review of sentencing issues, we have stated that when the district court's statement provides 'an insufficient basis . . . for us to determine why the district court did what it did,' that is an error that affects a defendant's 'substantial rights.'" *United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009) (quoting *Lewis*, 424 F.3d at 247 n.5); *see also United States v. Sindima*, 488 F.3d 81, 85–86 (2d Cir. 2007) ("[T]he district court's statement of reasons must at least explain—in enough detail to allow a reviewing court, the defendant, his or her counsel, and members of the public to understand—why the considerations used as justifications for the sentence are sufficiently compelling or present to the degree necessary to support the sentence imposed." (internal citations, quotation marks, and alteration omitted)).

Here, the district court committed plain error by failing to adequately explain its sentence. The district court's comments at the sentencing hearing "provide an insufficient basis for [defendant] or this Court 'to determine why the district court did what it did,'" *Carter*, 489 F.3d at 540 (quoting *Lewis*, 424 F.3d at 247 n.5), even when coupled with its Statement of Reasons, which purports to adopt the PSR without change. Whereas the PSR noted that an upward departure might be warranted under U.S.S.G. § 5K2.0 for certain uncharged criminal conduct, the district court's Statement of Reasons indicated that it did not rely on Section 5K2.0 as a grounds for departure. Moreover, we are unable to draw any significance from the district court's written explanation in the Statement of Reasons, which merely accurately described the proper method for calculating the effective Guidelines range, without offering any insight into the district court's rationale for imposing a sentence twice that length. Because the current sentencing record is inadequate to permit our appellate review, we conclude that the error affected Vrancea's substantial rights.[1]

Accordingly, we remand with instructions to vacate Vrancea's sentence and to conduct resentencing proceedings that fully comport with the requirements of 18 U.S.C. § 3553(c). In the interest of judicial economy, this panel will retain jurisdiction over any subsequent appeal. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994).

---

[1] Vrancea also contends that the imposition of consecutive sentences on Counts 3 and 4 violated the Double Jeopardy Clause. *But cf. United States v. Marji*, 158 F.3d 60, 64–65 (2d Cir. 1998) (upholding consecutive sentence under Section 844(h)(1)); *United States v. Fiore*, 821 F.2d 127, 132 (2d Cir. 1987) (holding "multiple punishments are authorized for activity which violates both Section 844(h)(1) and Section 844(i)"). For the reasons explained above, we cannot currently determine how Vrancea's 360-month sentence was allocated across his counts of conviction, much less confirm that the sentences on Counts 3 and 4 are in fact consecutive. We therefore decline to rule on Vrancea's double jeopardy challenge, pending clarification of these logically antecedent issues on remand.

For the foregoing reasons, we AFFIRM Vrancea's conviction, and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk