15-3766
*United States v. Lupoi*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 30th day of January, two thousand seventeen.

Present:   ROBERT A. KATZMANN,
                      *Chief Judge*,
              AMALYA L. KEARSE,
              DEBRA ANN LIVINGSTON,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,
          v.                                                              No. 15-3766

ALEXANDER CHAN, CHRISTOS FASARAKIS,
JOSE GARCIA, AKA Freddy, DOMINIC ALI,
RAFFAELE VALENTE, AKA Lello, CHARLES
CENTARO, AKA Charlie Pepsi,

                 *Defendants*,

FRANCO LUPOI,

                 *Defendant-Appellant.*[1]

_____

For Appellee:                    KEVIN M. TROWEL (Peter A. Norling and M. Kristin Mace, *on the brief*), Assistant United States Attorneys, *for* Robert L.

---

[1] The Clerk of the Court is instructed to amend the caption to conform to the above.

1

Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:        PETER J. TOMAO, Garden City, NY; William Timmons, Sayville, NY.

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the sentence imposed by the district court is **VACATED** and that the case is **REMANDED** for further proceedings consistent with this order.

Defendant Franco Lupoi appeals from a judgment of the United States District Court for the Eastern District of New York (Johnson, *J.*) sentencing him principally to 156 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Lupoi pleaded guilty in the Eastern District of New York to money laundering conspiracy and heroin trafficking conspiracy charges. Because the 120-month mandatory minimum sentence for some of the charges exceeded the otherwise applicable Guidelines range, the mandatory minimum sentence became his Guidelines sentence under § 5G1.1(b) of the United States Sentencing Guidelines. At sentencing, the government advocated for an above-Guidelines sentence, and at one point specifically requested a sentence of 135 months—the highest sentence still subject to the appellate waiver in Lupoi's plea agreement. The district court sentenced Lupoi principally to 156 months' imprisonment, stating:

> I have considered the factors of 3553(a). I've read the submissions, heard the oral arguments and I think a sentence that is sufficient, but not greater than necessary, to meet the aims of the statute is the following: I am going to sentence the defendant to the custody of the Attorney General's duly authorized representative for a period of 156 months . . . .

2

App. 74. The district court's written statement of reasons, issued approximately two months later, reiterated this explanation of Lupoi's sentence and cited the need "to reflect the seriousness of the offense, afford deterrence to criminal conduct, [and] to protect the public from future crimes of this defendant." Statement of Reasons ¶ VIII. The statement of reasons also adopted the findings of fact from the PSR, but did not adopt the PSR's calculation of the Guidelines-recommended range of imprisonment. The district court did not check the boxes in its written statement of reasons to acknowledge that it had varied from the 120-month Guidelines sentence by imposing its 156-month sentence or to explain that variance.[2]

On appeal, Lupoi argues that the district court did not adequately explain its sentence. Because Lupoi did not object to the district court's explanation of his sentence below, we review for plain error. *See United States v. Cassesse*, 685 F.3d 186, 188 (2d Cir. 2012). Under this standard, the defendant must demonstrate that:

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

---

[2] It is not entirely clear whether the district court intended to depart or instead vary from the Guidelines. "'Departure' is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Irizarry v. United States*, 553 U.S. 708, 714 (2008). A variance, on the other hand, is a non-Guidelines sentence "that a district court may find justified under the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id*. at 715. Although the district court, in its statement of reasons, purported to depart from a Guidelines range of 70–87 months due to the 120-month mandatory minimum applicable in this case, the mandatory minimum sentence *became* the Guidelines range pursuant to U.S.S.G. § 5G1.1(b) without any need for departure. And the district court ultimately imposed a 156-month sentence, well above the 120-month mandatory minimum that was the basis for the purported departure. Because the district court described its 156-month sentence as based on the § 3553(a) factors, we think that what the district court did here is best classified as a variance, not a departure, from the Guidelines. This distinction is, however, of no practical import. Even if the district court intended to depart rather than vary, it failed to complete the relevant portion of the statement of reasons form to explain its further departure from the 120-month mandatory minimum sentence to the 156-month sentence imposed.

3

*United States v. Marcus*, 560 U.S. 258, 262 (2010) (brackets and internal quotation marks omitted).

A sentencing court is required to "state in open court the reasons for its imposition of [a] particular sentence." 18 U.S.C. § 3553(c). When the sentence imposed is outside the Guidelines range, the court must also state "with specificity in a statement of reasons form" "the specific reason" for the sentence imposed. *Id.* § 3553(c)(2). "[A]n adequate explanation is a precondition for 'meaningful appellate review.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As a result, "the district court's statement of reasons must at least explain—in enough detail to allow a reviewing court, the defendant, his or her counsel, and members of the public to understand—why the considerations used as justifications for the sentence are 'sufficiently compelling []or present to the degree necessary to support the sentence imposed.'" *United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007) (citation omitted) (quoting *United States v. Rattoballi*, 452 F.3d 127, 137 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007)). If the district court does not "adequately . . . explain the chosen sentence," it commits procedural error. *United States v. Robinson*, 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall*, 552 U.S. at 51).

That said, "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances." *Rita v. United States*, 551 U.S. 338, 356 (2007). If a district court "judge imposes a sentence outside the Guidelines, the judge will explain why he has done so." *Id.* at 357. When justifying an above-Guidelines sentence, the district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. The Supreme Court has "f[oun]d it uncontroversial that a major departure should be supported by a more

4

significant justification than a minor one." *Id.*; *see also Cassesse*, 685 F.3d at 193 (describing the "higher descriptive obligation" when a district court imposes an above-Guidelines sentence). However, "we must not employ a 'rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence.'" *Cavera*, 550 F.3d at 190 (quoting *Gall*, 552 U.S. at 47).

Here, the district court did not adequately explain its sentence. Although the district court invoked the § 3553(a) factors and listed the materials it consulted in determining the sentence, it gave no "simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)" so as to justify an above-Guidelines sentence. *Rattoballi*, 452 F.3d at 138. Indeed, the district court did not "offer[] any insight into [its] rationale for imposing a sentence" that exceeded the applicable Guidelines sentence by 36 months and exceeded the sentence requested by the government by 21 months. *See United States v. Vrancea*, 606 F. App'x 21, 24 (2d Cir. 2015). Neither the written statement of reasons nor the district court's pronouncement in open court even "acknowledge[d] that [the district court] was imposing a non-Guidelines sentence." *See id.* at 23 In fact, the variance section of the statement of reasons form was left blank despite the government's request for an above-Guidelines sentence and the district court's obligation to state its "specific reason" for imposing a sentence "outside the [Guidelines] range . . . with specificity in a statement of reasons form." 18 U.S.C. § 3553(c)(2). For these reasons, the district court did not meet its "higher descriptive obligation" for imposing an above-Guidelines sentence. *See Cassesse*, 685 F.3d at 193.

Because "the district court's statement provides 'an insufficient basis . . . for us to determine why the district court did what it did,' [this] is an error that affects a defendant's 'substantial rights.'" *United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009) (quoting *United*

*States v. Lewis*, 424 F.3d 239, 247 n.5 (2d Cir. 2005)). Similarly, "because the absence of a meaningfully explanatory statement undermines 'understanding of, trust in, and respect for the court and its proceedings on the part both of those who are themselves parties to the proceeding and those who are not,'" *Ware*, 577 F.3d at 453 (quoting *Lewis*, 424 F.3d at 247), this "error seriously affects the fairness, integrity or public reputation of judicial proceedings," *Marcus*, 560 U.S. at 262 (brackets and internal quotation mark omitted).

However, this is far from the "rare instance in which the judge's fairness or the appearance of the judge's fairness is seriously in doubt," and resentencing before a different judge is therefore not warranted. *See United States v. Cossey*, 632 F.3d 82, 89 (2d Cir. 2011) (per curiam) (quoting *United States v. Bradley,* 812 F.2d 774, 782 n.9 (2d Cir. 1987)). Instead, "[w]e remand this case to allow the [d]istrict [c]ourt to . . . explain its reasons for whatever sentence it decides to impose." *See United States v. Johnson*, 273 F. App'x 95, 101 (2d Cir. 2008).

Accordingly, we **VACATE** Lupoi's sentence and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6