15-3181-cr
United States of America v. Vrancea

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand seventeen.

Present:     AMALYA L. KEARSE,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

             v.                                             15-3181-cr

ION CATALIN VRANCEA, aka RAUL CABA,
aka IULIAN ICHIM, aka IMRE MAKARA,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     B. Alan Seidler, New York, NY.

Appearing for Appellee:      Tarsha Phillibert, Special Assistant United States Attorney, (Amanda Hector Peter A. Norling, Assistant United States Attorneys, *on the brief*), *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Ion Catalin Vrancea appeals from the amended judgment entered October 27, 2015 in the United States District Court for the Eastern District of New York (Kuntz, *J.*), sentencing him principally to 180 months' imprisonment and three years' supervised release after his conviction on one count each of obstruction of justice, in violation of 18 U.S.C. § 1512(c)(1); destruction of evidence, in violation of 18 U.S.C. § 1519; use of arson to commit obstruction of justice or destruction of evidence, in violation of 18 U.S.C. § 844(h)(1); use of fire to damage real or personal property, in violation of 18 U.S.C. § 844(i); and use of a false passport, in violation of 18 U.S.C. § 1543. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On January 15, 2013, a jury found Vrancea guilty of the charges listed above. The district court sentenced him principally to 360 months' imprisonment. Vrancea appealed his conviction and that component of his sentence to this Court. We affirmed the conviction, but ruled that "the district court committed plain error by failing to adequately explain its sentence," and remanded for resentencing. *United States v. Vrancea*, 606 F. App'x 21,24 (2d Cir. 2015).

The district court re-sentenced Vrancea to 180 months' imprisonment and three years' supervised release. Vrancea again appealed, using the procedure set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). We affirm for the reasons set forth in the district court's thorough and well-reasoned opinion. *See United States v. Vrancea*, 136 F. Supp. 3d 378 (E.D.N.Y. 2015). The record fully supports the district court's finding that Vrancea committed perjury. Additionally, the district court, in considering Vrancea's double jeopardy argument, correctly concluded that Counts Three and Four were "separate offenses for the purposes of the Double Jeopardy Clause as each requires proof of an element the other does not." *Id.* 136 F. Supp. 3d at 398-99. We find no merit to Vrancea's argument that the conduct underlying Count Three, using fire to commit a felony in violation of 18 U.S.C. § 844(h)(1), and Count Four, using fire to damage real or personal property in violation of 18 U.S.C. § 844(i)—namely, setting things on fire—is factually the same, such that consecutive sentences for the two counts violates the Double Jeopardy Clause. Such an approach is inconsistent with *Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a *fact* which the other does not.") (emphasis added); *see also United States v. Dixon*, 509 U.S. 688, 702-03 (1993) (applying the *Blockburger* test); *Ball v. United States*, 470 U.S. 856, 861 (1985).

2

We have considered the remainder of Vrancea's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk