09-3003-cr
United States v. Cuevas

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of July, two thousand and ten.

PRESENT: RICHARD C. WESLEY,
          PETER W. HALL,
               *Circuit Judges*,
          RICHARD W. GOLDBERG,
               *Judge.*[*]

---

UNITED STATES OF AMERICA,

        *Appellee*,

    -v.-                          09-3003-cr

ALEJANDRO BORDE and JESENIA HERNANDEZ,

        *Defendants*,

JUAN CUEVAS,

        *Defendant-Appellant.*

---

[*] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

FOR APPELLANT:                    DONNA R. NEWMAN, New York, NY.

FOR APPELLEE:                     JOCELYN E. STRAUBER, Assistant
                                  United States Attorney (Michael
                                  S. Bosworth, Assistant United
                                  States Attorney, *on the brief*),
                                  *for* Preet Bharara, United States
                                  Attorney for the Southern
                                  District of New York, New York,
                                  NY.

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Juan Cuevas appeals from the district court's June 29, 2009 judgment of conviction entered following his March 30, 2008 guilty plea to one count of conspiring to distribute and possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. § 846. The district court sentenced appellant principally to 151 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In this appeal, appellant argues that his sentence was marred by procedural error because the district court: (1) did not describe on the record the factual findings

2

underlying its calculation of the applicable sentencing range from the U.S. Sentencing Guidelines (the "Guidelines"); (2) relied on hearsay and other evidence that was insufficient to sustain the findings upon which the Guidelines calculation was based; and (3) failed to consider all of the sentencing factors set forth at 18 U.S.C. § 3553(a). We consider these procedural arguments under a deferential abuse-of-discretion standard; the touchstone of our review is reasonableness. *See United States v. Cavera*, 550 F.3d 180, 189-90 (2d Cir. 2008) (en banc).

Appellant first argues that the district court committed procedural error by failing to make fact findings on the record relating to the three-level role enhancement that it imposed, *see* U.S.S.G. § 3B1.1(b), as well as the applicable drug quantity under the Guidelines. Because appellant did not raise these objections at the sentencing, we review his contentions for plain error. *See United States v. Espinoza*, 514 F.3d 209, 211-12 (2d Cir. 2008). The district court stated at the sentencing that it "accept[ed] and adopt[ed] the factual recitations set forth in the presentence report, including the quantity of drugs in issue." With respect to appellant's role, the district

3

court rejected the Probation Department's four-level recommendation and instead imposed a three-level enhancement.  The court explained that it "agree[d] with the government that Mr. Cuevas was a supervisor of Ms. Hernandez," but that "a three-level increase as opposed to a four-level increase would more closely approximate [appellant's] role in this matter."  The district court committed no error — plain or otherwise — by adopting and relying upon the presentence report ("PSR") as the basis for these factual findings.  *See id.* at 212.

Appellant next argues that the factual findings in the PSR were insufficient to support the district court's Guidelines calculation by a preponderance of the evidence.  "The sentencing court's discretion is largely unlimited either as to the kind of information it may consider, or the source from which it may come," and the court "is free to consider hearsay evidence . . . in determining [a] sentence."  *United States v. Gomez*, 580 F.3d 94, 105 (2d Cir. 2009) (internal quotation marks omitted).  Having reviewed the PSR, as well as the other documents that were before the district court at appellant's sentencing, we find that these materials were sufficient to sustain the district

4

court's conclusions regarding the applicable role enhancement and drug quantity.

Consistent with that conclusion, we hold that the district court did not err by failing to conduct a hearing to determine the precise drug quantity that was to be considered under the Guidelines. Although appellant's counsel objected to the Probation Department's drug-quantity finding in his July 23, 2008 sentencing submission, he did not raise this issue at the subsequent sentencing proceeding on June 15, 2009. His failure to do so was consistent with the fact that, at an intervening safety valve proffer with the government, appellant admitted that he had sold between 30 and 40 kilograms of cocaine. The government provided this information to the district court in its November 12, 2008 sentencing submission, and appellant did not contest the veracity of that representation in the district court or this appeal. Therefore, the district court was entitled to rely on defendant's statements during the safety valve proffer as confirmation of the finding in the PSR that the quantity of cocaine involved was somewhere between 15 and 50 kilograms.

Finally, appellant argues that the district court

failed to give adequate consideration to the sentencing factors listed in 18 U.S.C. § 3553(a).  This contention runs headlong into *United States v. Fernandez*, 443 F.3d 19 (2d Cir. 2006), in which we held that we will "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors."  *Id.* at 29.  Simply put, there is no indication in the record that the district court's consideration of the § 3553(a) factors was insufficient.

We have considered each of appellant's arguments and find them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk