*United States v. Lopez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of February, two thousand seventeen.

PRESENT:
         PIERRE N. LEVAL,
         GUIDO CALABRESI,
         SUSAN L. CARNEY,
                       *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

         *Appellee,*

                  v.                                    No. 16-1019

RICARDO MELENDEZ, AKA RICKY, GERALDO VEGA, MANUEL CONCEPCION, AKA M.C., AKA MANNY C., AKA MANNY CONCEPCION, AKA MANNY C. CONCEPCION, AKA M. CONCEPCION, JUAN RIVERA, FERNANDO ALVAREZ, ARTURO CORDOZA, KENNETH COLON, JAVIER RIVERA, VICTOR JIMINEZ, MARIANO DEGRACIA, ROBERT ORTIZ, OSCAR ROSA, VICTOR SPAVENTA, WARREN NADEL, TRENT DALEY, DAVID OLMEDA, FELIX OYOLE, ADAM POMALES, ISRAEL ORTIZ, NELSON FRIAS, VINCENT HERNANDEZ, ROBERTO APONTE, RICARDO ALVAREZ, EDUARDO HAMILTON, NELIA LOPEZ, EDWIN MALDONADO, JULIA

SERRANO, JULIA RIVERA, ANTHONY GUZMAN, WILFREDO GONZALEZ, JAMES RUPERTO, MARC RAMIREZ, RODRIGUEZ RODRIGUEZ, EDGAR RIVERA, ANIBAL IRIZZARI, ARMANDO VELASQUEZ, RALPH BOYCE, RICARDO ORTIZ, HECTOR HERNANDEZ,

*Defendants*,

VINCENT LOPEZ,

*Defendant-Appellant*.

_____

| | |
|---|---|
| FOR APPELLANT: | Philip L. Weinstein, *for* Barry D. Leiwant, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, NY. |
| FOR APPELLEE: | Emily Berger, Raymond A. Tierney, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney for the Eastern District of New York. |

Appeal from an order of the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 24, 2016 order entered by the District Court is **VACATED** and the case is **REMANDED** for reconsideration.

After a jury trial in 1991, Defendant-Appellant Vincent Lopez was convicted of various narcotics, racketeering, and weapons offenses. *See United States v. Rosa*, 11 F.3d 315 (2d Cir. 1993) (affirming Lopez's convictions). Lopez now appeals the District Court's denial of his 2015 motion for a sentence reduction, made under 18 U.S.C. § 3582(c)(2) in light of recent changes to the United States Sentencing Guidelines. We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision.

In preparation for sentencing, on September 11, 1991, the Probation Department issued a Presentence Report ("PSR") regarding Lopez. That report calculated a sentencing range of 324 to 405 months' imprisonment. The Probation Department concluded that Lopez was responsible for aiding and abetting the distribution of 44.8 kilograms of heroin.

On October 25, 1991, the District Court (Platt, *J.*) conducted Lopez's sentencing. At the hearing, the court stated only, with respect to the PSR, "The guidelines are as far as I can see accurately computed. And they say that the guidelines pr[e]scribe a sentence here of 324 to 405 months." Joint Appendix ("J.A.") 83. With all other relevant factors unchanged, this range would have been "accurately computed" under the then-applicable Guidelines so long as the court found attributable to Lopez *any* quantity of heroin above 10 kilograms. *See* U.S. SENTENCING COMMISSION GUIDELINES MANUAL ("U.S.S.G.") § 2D1.1 (1987). At no other point during the hearing (or in the subsequently-filed written judgment) did the sentencing court either discuss the PSR, make a specific determination of the drug quantity for which Lopez should be held responsible, or indeed refer to drug quantity at all. It sentenced Lopez to 405 months' imprisonment.

On November 3, 2014, acting *pro se*, Lopez moved under 18 U.S.C. § 3582(c)(2) for a sentence reduction, citing Amendment 782 to the United States Sentencing Guidelines, which modified Section 2D1.1 to lower the Guidelines range for certain categories of drug-related offenses. The District Court (Hurley, *J.*)— newly assigned to the proceedings— appointed counsel for Lopez and counsel briefed the motion. The government opposed the requested reduction. In March 2016, the District Court denied the motion. In a brief order, it ruled that the sentencing court attributed responsibility to Lopez for the distribution of 44.8 kilograms of heroin. Because the reduction on which Lopez's motion depended applied to quantities "less than 30 kilograms," U.S.S.G. § 2D1.1 (2014), the court ruled that Lopez's Guidelines calculation was not affected by the Guidelines amendment. This conclusion meant that Lopez was ineligible for a § 3582(c)(2) sentence reduction.

Section 3582(c)(2) authorizes a court to reduce a sentence that is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A district court must reject a motion seeking such a reduction if the

amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). We review the denial of a sentence reduction for abuse of discretion, *United States v. Rios*, 765 F.3d 133, 137 (2d Cir. 2014), and any factual determinations as to drug quantity for clear error, *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).

Lopez contends that the District Court clearly erred in 2016 when it determined as a matter of fact that the sentencing court found him responsible for 44.8 kilograms of heroin. The government counters that in 1991 the sentencing court adopted the PSR's factual findings as to quantity and that the district court in 2016 correctly discerned that finding.

We are constrained to disagree with the government. Neither at the sentencing hearing in 1991, nor in any other format, did Judge Platt explicitly adopt the PSR's finding of 44.8 kilograms or otherwise refer to drug quantity. As noted, he stated only that the PSR's Guidelines range was "accurately computed." J.A. 83. It is undisputed that the Guidelines calculation for Lopez in 1991 would have resulted in the 324 to 405 months range for any quantity of heroin above the threshold 10 kilograms. *See* U.S.S.G. § 2D1.1 (1987). The sentencing court's statement that the range was "accurately computed," J.A. 83, therefore, did not necessarily entail a drug quantity finding of any amount more than 10 kilograms, much less the specific amount of 44.8 kilogram referenced in the 1991 PSR. We see no non-speculative basis from which to conclude that, merely by describing the PSR's calculations of the Guidelines range as "accurate[]," *id.*, the sentencing court held Lopez responsible for any drug weight above the minimum. The District Court's factual conclusion to the contrary based on the sentencing court's simple reference to an "accurate[] comput[ation]," *id.*, was clearly erroneous.

We therefore vacate the District Court's March 24, 2016 order and remand the case for further proceedings consistent with this Order. On remand, the District Court may evaluate anew Lopez's eligibility—a task that is admittedly challenging, but nonetheless feasible, we think—by determining whether the quantity of heroin for which Lopez should be held responsible was less than 30 kilograms, using resources such as the trial transcript and the contemporaneously prepared PSR, as well as testimony offered by the parties.

Alternatively, however, the District Court may choose to proceed by assuming Lopez's eligibility for a sentence reduction, and then determining on that hypothetical basis whether it would then reduce Lopez's sentence in light of its discretionary evaluation of the relevant 18 U.S.C. § 3553(a) factors, as prescribed by 18 U.S.C. § 3582(c)(2). If it determines that it would not reduce Lopez's sentence, it should deny Lopez's motion. If it determines that it might or that it would reduce Lopez's sentence were he eligible, it should then conduct the requisite eligibility analysis, which we have discussed in this Order. Under either scenario, the parties may of course appeal any final order entered by the District Court in accordance with the usual principles of appealability.

* * *

For these reasons, the order of the District Court is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

5