18-1846-cr
*United States v. Valencia-Lopez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand nineteen.

Present:
> AMALYA L. KEARSE
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                           18-1846-cr

JULIO CESAR VALENCIA-LOPEZ, a/k/a Don C, a/k/a Artista, a/k/a Primo,

*Defendant-Appellant*.

_____

For Defendant-Appellant:          Robert Joseph Boyle, New York, New York

For Appellee:          Hiral Mehta and David C. James, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York

Appeal from a judgment of the United States District Court for the Eastern District of New

York (Garaufis, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Julio Cesar Valencia-Lopez ("Valencia-Lopez") appeals from a June 19, 2018 memorandum and order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) on the basis of Amendment 782 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "guidelines"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under 18 U.S.C. § 3582(c)(2), a district court "may" modify a sentence where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). To address a § 3582(c)(2) motion, district courts follow a two-step process: first, the court "determine[s] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized" by calculating the amended applicable guideline range and comparing it to the original guideline range; second, the court exercises its discretion and weighs the 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). This Court reviews a district court's determination of eligibility for a sentence reduction at step one *de novo*, *United States v. Main*, 579 F.3d 200, 202–03 (2d Cir. 2009), and factual determinations as to drug quantity for clear error, *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006).

In 2007, Valencia-Lopez pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin. The Presentence Investigation Report ("PSR") initially recommended finding Valencia-Lopez responsible for 4.49 kilograms of heroin. The

2

court held two *Fatico* hearings to resolve disputed facts; at the latter hearing, a witness testified that he had received an estimated total of 120 to 130 kilograms of heroin from Valencia-Lopez. Additionally, the government represented to the court that Valencia-Lopez had admitted in a post-plea proffer session that he was "probably" responsible for the importation and distribution of 120 to 130 kilograms of heroin. At sentencing, the parties agreed that a base offense level of 38, which at that time corresponded to 30 kilograms or more of heroin, was applicable. In seeking credit for acceptance of responsibility, defense counsel argued that Valencia-Lopez had "forthrightly indicated" his responsibility for numerous heroin deals, "well over level 38." J.A. 42. The government, arguing for a sentence within the guidelines range, alleged that Valencia-Lopez was responsible for "130 kilograms of heroin," which it deemed to be "a staggering amount of drugs." J.A. 51. Valencia-Lopez did not object to the government's characterization of the applicable drug weight. Valencia-Lopez was ultimately sentenced to 292 months' imprisonment and five years of supervised release, the bottom of the guidelines range of 292 to 365 months' imprisonment.

Effective November 2014, the United States Sentencing Commission enacted Amendment 782, which retroactively modified the base offense level for certain drug-related offenses. U.S.S.G. supp. app. C, amend. 782 (2014). Following Amendment 782, the quantity of heroin necessary for a base offense level of 38 increased from 30 to 90 kilograms. *Id.* In light of this development, Valencia-Lopez moved in the district court for a reduction of sentence under 18 U.S.C. § 3582(c)(2), arguing that his applicable guidelines range had been reduced to 235 to 293 months' imprisonment because he had been held responsible for more than 30 but fewer than 90 kilograms of heroin, now resulting in a base offense level of 36 rather than 38.

3

The district court rejected Valencia-Lopez's motion, determining that the record reflected that Valencia-Lopez had admitted to responsibility for a drug weight of 120 to 130 kilograms and that the district court had adopted that finding. Accordingly, Valencia-Lopez's applicable guidelines range was unaffected by Amendment 782, rendering him ineligible for a sentence reduction.

On appeal, Valencia-Lopez argues that the district court erred in determining that he was ineligible for a sentence reduction because the court had made no explicit drug quantity determination at sentencing. Emphasizing that there was no dispute as to the base offense level at the time of sentencing, Valencia-Lopez argues that there was no reason for defense counsel to object to the government's representations as to drug quantity. Valencia-Lopez thus contends that the record was insufficient for the district court to determine that his applicable guidelines range was unaffected by Amendment 782.

We are unpersuaded. In addition to the PSR, district courts may consider a broad range of sources in making factual determinations as to drug weight, including the "defendant's statements during [a] safety valve proffer." *United States v. Borde*, 387 F. App'x 84, 86 (2d Cir. 2010). Here, the parties rejected the drug weight set forth in the PSR and entered into a proffer agreement, with the government representing to the court that Valencia-Lopez admitted his responsibility for 120 to 130 kilograms of heroin at the proffer session. That admission was consistent with the testimony of the witness at the *Fatico* hearing that Valencia-Lopez had provided him with between 120 and 130 kilograms of heroin. The district court was justified in concluding that there was no disagreement as to drug weight, given that Valencia-Lopez did not dispute the amount set forth in the letter and voiced no opposition to the government's representation at sentencing that he had admitted to responsibility for 130 kilograms. Defense

4

counsel's own statement at sentencing that Valencia-Lopez had "forthrightly" admitted to responsibility for a drug weight "well over level 38," J.A. 42, was entirely consistent with the proffer letter and further justified the district court's acceptance of the 120 to 130 kilogram amount. While defense counsel's decision not to challenge drug weight may have been a strategic choice driven by the guidelines scheme as it existed at the time, the record is nonetheless sufficient to support the district court's finding.

Though the district court did not expressly state that it was adopting the proffer letter's drug quantity, the court did not clearly err in determining that the record as a whole reflected that it had done so. In arguing to the contrary, Valencia relies on *United States v. Melendez*, 679 F. App'x 68 (2d Cir. 2017), where this Court found clear error in a district court's determination that the sentencing judge had adopted the PSR's drug weight on the sole basis of the judge's statement at sentencing that the PSR's guidelines range (which corresponded to numerous possible drug weights) had been "accurately computed." *Melendez*, 679 F. App'x at 71. That reliance is misplaced. Here, unlike in *Melendez*, the district court's adoption of the drug weight finding was evident based on its statement in an opinion denying Valencia-Lopez's petition for a writ of habeas corpus that Valencia-Lopez had "admitted—and still[, at the time of his petition for habeas corpus, did] not appear to dispute—that he had extensive involvement in the distribution of over 120 kilograms of heroin," *Valencia-Lopez v. United States*, No. 10-cv-02893 (NGG), 2012 WL 2160967, at *10 (E.D.N.Y. June 13 2012). That finding was consistent with the district court's statement at sentencing that it was "clear from the testimony of the witnesses, and also from the proffer, if you can believe it, that the weight more than justifies a base offense level of 38." J.A. 46. The record here is therefore more robust than the one found insufficient in *Melendez*.

Even absent this record evidence of prior adoption, the district court's explicit finding of a 120 to 130 kilogram drug weight in its memorandum denying the § 3582(c)(2) motion itself suffices to justify the district court's denial of the motion, as it was supported by the record and consistent with the court's prior factual determinations. *See United States v. Rios*, 765 F.3d 133, 138 (2d Cir. 2014) ("[N]othing prevents a district court from making new findings of fact when ruling on a § 3582(c)(2) motion, so long as those findings are not inconsistent with those made at the original sentencing." (quoting *United States v. Davis*, 682 F.3d 596, 612 (7th Cir. 2012)). Accordingly, there is no basis to disturb the district court's determination that Valencia-Lopez's applicable guidelines range was not reduced by Amendment 782 and that he was therefore ineligible for a sentence reduction.

\*　　\*　　\*

We have considered Valencia-Lopez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6